UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                          No. 99-4743

LESLIE MORRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-99-26)

Submitted: February 29, 2000

Decided: March 14, 2000

Before WILLIAMS and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James R. Fox, JORY & SMITH, Elkins, West Virginia, for Appellant.
Melvin W. Kahle, Jr., United States Attorney, Robert H. McWilliams,
Jr., Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leslie Morris appeals his criminal sentence for use of a communication facility in the distribution of cocaine, and conspiracy to do the same in violation of 21 U.S.C.A. §§ 843(b),(d); 846 (West 1994 & Supp. 1999). We affirm.

Morris first asserts that the district court improperly counted a 1996 conviction for battery of a police officer in calculating his criminal history score, arguing that the state offense was similar to disorderly conduct, disturbing the peace, hindering or failing to obey a police officer, or resisting arrest. As such, he contends that it falls under the list of offenses specified in U.S. Sentencing Guidelines Manual § 4A1.2(c)(1) (1998), and should not have been attributed a criminal history point absent circumstances not present in this case. Our review of the relevant offenses under the "similarity" test espoused by this Court in United States v. Harris, 128 F.3d 850, 854-55 (4th Cir. 1997), leads us to conclude that the conviction in question was properly assigned one criminal history point under USSG§ 4A1.1(c).

Next, Morris contends that there was insufficient evidence to find that he possessed a firearm in conjunction with the offense, and that his brother and co-defendant's possession of a firearm cannot be attributed to him for purposes of USSG § 2D1.1. We have reviewed the briefs and joint appendix in this case, and agree with the district court's determination that this enhancement was properly applied. Accordingly, we affirm Morris' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2